IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| NORMAN POE, | Case No. 2:17-cv-00062-SU |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| RYAN D. COOK, an individual; and OLD DOMINION FREIGHT LINE, INC., a Virginia corporation, | |
| Defendants/Third-Party Plaintiffs, | |
| v. | |
| SWIFT TRANSPORTATION COMPANY OF ARIZONA, a foreign corporation, and ZAKEE WATSON, an individual, | |
| Third-Party Defendants. | |

SULLIVAN, United States Magistrate Judge:

Plaintiff Norman Poe brings this negligence action to recover damages for injuries he sustained in a collision between two semitrucks. Plaintiff and third-party defendants Swift Transportation of Arizona, LLC ("Swift") and Zakee Watson have

moved to bifurcate the trial on plaintiff's negligence claim and the various property damages claims alleged by Old Dominion Freight Lines, Inc. ("Old Dominion") and Swift. The Court heard oral argument on May 22, 2019. For the following reasons, the Court DENIES the Motion to Bifurcate.

## BACKGROUND

This lawsuit arises from a set of multi-vehicle collisions that occurred east of Baker City, OR in January of 2015. Defendant Ryan Cook was driving a semitruck for Old Dominion and lost control of the vehicle, causing the vehicle to jack-knife and block the eastbound lane. Watson was driving a semitruck for Swift, in which plaintiff was an unrestrained passenger. Watson also lost control of his truck and collided with the Old Dominion vehicle in the lane that was blocked by Cook, and Watson's truck was then struck by one or more additional semitrucks. Plaintiff was injured as a result of these collisions and Old Dominion sustained property damage to its vehicle and cargo.

Plaintiff filed a negligence claim for personal injuries against Cook and Old Dominion in this Court in January of 2017. In their answer, Cook and Old Dominion responded with a counterclaim for property damage against plaintiff and a third-party claim against Swift and Watson for the same. Plaintiff and third-party defendants have now filed a motion to bifurcate the trial between the personal injury claim and property damages claims.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(b), "the court may order a separate trial of one or more separate issues, claims, crossclaims, or third-party claims" for "convenience, to avoid prejudice, or to expedite and economize" the proceedings. The drafters of the Federal Rules did not intend the routine bifurcation of trials. Fed. R. Civ. P. 42(b) advisory committee's note to 1966 amendment. The moving party has the burden to prove that bifurcation is appropriate. *Benson Tower Condo. Owners Ass'n v. Victaulic Co.,* 150 F. Supp. 3d 1184, 1208 (D. Or. 2015). The court has broad, discretionary authority to bifurcate claims or issues. *Hirst v. Gertzen,* 676 F.2d 1252, 1261 (9th Cir. 1982).

## DISCUSSION

Plaintiff has moved to bifurcate his personal injury claim from the property damages claims. Plaintiff asserts that bifurcation is required to avoid prejudice and confusing the jury. Specifically, plaintiff argues that absent bifurcation, the jury would hear irrelevant evidence, the trial would run afoul of the ORS 656.595(2) prohibition against pleading or admitting into evidence the existence of workers' compensation payments, and that these harms cannot be cured through jury instructions. Plaintiff proposes that a jury be empaneled to hear plaintiff's case, deliberate, and submit a verdict regarding plaintiff, but then continue and hear the property damages claims, deliberate, and submit a separate verdict on those claims. Plaintiff explains that this approach has the added advantage of encouraging settlement if the jury initially finds for plaintiff.

I disagree.  As an initial matter, it would be improper for the Court to decide the bifurcation issue based on the possibility of encouraging settlement.  That issue aside, there is nothing uniquely complex about having a crossclaim and third-party claim for property damage within the same trial as a claim for negligence.  Jurors are routinely expected to hear cases involving difficult and complicated civil matters.  There will be common questions of law and fact since the same facts will inform the potential liability on all claims, *i.e.*, the various collisions, allocation of liability, and resulting damages, and the same experts will likely be needed.

With respect to plaintiff's specifics arguments for bifurcation, the existence of claims irrelevant to plaintiff's claims is not inherently prejudicial and does not warrant bifurcation.  As for the workers' compensation issue, that issue is also the subject of plaintiff's partial motion for summary judgment.  Regardless of the resolution of plaintiff's summary judgment motion, plaintiff presents no argument as to why limiting instructions would be insufficient to guard against the jury's consideration of workers' compensation payments in their assessment of the case.  Thus, the Court believes that any confusion or prejudice resulting from the workers' compensation issue can sufficiently be addressed through limiting instructions.  Even if there is some potential lingering prejudice, it would not be sufficient to warrant bifurcation given the relative simplicity of this case compared with others that jurors are regularly expected to consider.

\ \ \

\ \ \

## CONCLUSION

Plaintiff's Motion to Bifurcate (doc. 45) is DENIED.

IT IS SO ORDERED.

Dated this 10th day of June, 2019.

                                              /s/ Patricia Sullivan
                                              PATRICIA SULLIVAN
                                              United States Magistrate Judge