IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| NORMAN POE, an individual, | Case No. 2:17-cv-00062-SU |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| RYAN COOK, an individual; and OLD DOMINION FREIGHT LINE, INC., a Virginia corporation, | |
| Defendants and Third-Party Plaintiffs, | |
| v. | |
| SWIFT TRANSPORTATION COMPANY OF ARIZONA, a foreign corporation; and ZAKEE WATSON, an individual, | |
| Third-Party Defendants. | |

SULLIVAN, United States Magistrate Judge:

This case concerns a multi-vehicle accident on Interstate 84. Plaintiff Norman Poe, an employee of third-party defendant Swift Transportation Company of Arizona ("Swift"), has brought a negligence action against another trucker, defendant Ryan Cook, and his employer, Old Dominion Freight Line, Inc. ("Old Dominion"). Compl. (Docket No. 1). Defendants have filed a Third-Party Complaint against Swift and another Swift employee, Zakee Watson, a trucker trainee under Poe's supervision. Ans. (Docket No. 14). Plaintiff has moved for partial summary judgment on two of defendants' affirmative defenses. (Docket No. 43). Defendants oppose. (Docket No. 44). The Court heard oral argument on May 22, 2019 (Docket Nos. 55, 61), after which it received supplemental briefing (Docket Nos. 58-60, 65).[1] For the following reasons, the Court DENIES plaintiff's Motion for Partial Summary Judgment.

**FACTUAL BACKGROUND**

Because plaintiff's Motion considers the viability of defendants' affirmative defenses as a matter of law, and does not dispute the facts or evidence underlying them, the Court lays out the following facts, which the parties have largely agreed upon in their submissions (Docket Nos. 1, 14, 43, 44, 49, 51, 58-60), as background to its analysis of the legal questions presented.

On January 17, 2015, Ryan Cook was driving an Old Dominion semi-truck, pulling two trailers, driving eastbound on Interstate 84 near Baker City, Oregon. Compl. ¶ 6. Cook was an Old Dominion employee. *Id.* Behind Cook's truck, Zakee Watson was driving a Swift semi-truck/trailer combination, in which Norman Poe, Watson's trainer, was a passenger. Ans. ¶ 3. Watson, a trainee, and Poe were Swift employees. *Id.*

---

[1] At the hearing, the Court also considered plaintiff's Motion to Bifurcate (Docket No. 45), which it denied (Docket No. 57).

Road conditions were hazardous that day due to dense fog and ice. Compl. ¶ 7. Cook lost control of the semi-truck/trailer and it jackknifed, blocking the highway's eastbound lane. *Id.* ¶ 8. Watson's truck collided with Cook's. *Id.* Several other semi-trucks then struck Watson and Poe's truck. Def. Opp'n, at 3 (Docket No. 49). Poe was seriously injured. Compl. ¶ 11. Because Poe's injuries occurred during the course of his employment, he was covered by and received benefits from Swift's workers' compensation. Pl. MPSJ, at 2 (Docket No. 58).

## PROCEDURAL BACKGROUND

In their Answer, defendants state three affirmative defenses, including:

### FIRST AFFIRMATIVE DEFENSE
(Comparative Negligence)

5.

Defendants reallege paragraphs 1-4 of their answer and further allege that, at all material times, plaintiff Poe was employed by Swift Transportation as a driver/trainer and supervised Swift Transportation employee Watson, a driver/trainee. Plaintiff Poe was aware of the adverse weather and road conditions in sufficient time to prevent the Swift Transportation semi-truck and trailer from colliding with the [Old Dominion] trailer(s). Any injuries and damages he sustained were caused by his own negligence in one or more of the following ways:

a) In failing to instruct trainee Watson to slow down sufficiently to bring the Swift Transportation tractor-trailer to a stop before the collision;
b) In failing to instruct trainee Watson to promptly pull the Swift Transportation tractor-trailer over to the shoulder of the road prior to the collision;
c) In failing to instruct trainee Watson to refrain from down-shifting the Swift Transportation tractor-trailer instead of applying its brakes, resulting in the collision with the [Old Dominion] trailer(s);
d) In failing to secure himself with a safety harness once he was aware of the adverse weather and road conditions.

and

### THIRD AFFIRMATIVE DEFENSE
(Fault of Others)

7.

Plaintiff's injuries and damages were caused by the fault of others, including Watson.

Ans., at 3-4 (Docket No. 14).[2]

## LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The burden is on the moving party to point out the absence of any genuine issue of material fact; once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In opposing summary judgment, a party may not rely on mere allegations or denials in pleadings, but must set forth specific facts supported by competent evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. *Robi v. Reed*, 173 F.3d 736, 739 (9th Cir. 1999). "A fact issue is genuine if the evidence is such that a reasonable [fact finder] could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quotation omitted). "The non-moving party has failed to meet its burden if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (quotation omitted). The substantive law governing a claim or defense determines whether a fact is material. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998). In evaluating a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *Anderson*, 477 U.S. 242, 248 (1986).

---

[2] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636. (Docket Nos. 12, 27, 40, 42).

# ANALYSIS

## I. First Affirmative Defense: Comparative Negligence

Defendants' first affirmative defense, comparative negligence, asserts that Poe's injuries were caused in part by his own negligence, specifically in his failing to properly instruct or to train Watson, and in failing to secure himself with a safety harness.

Plaintiff's argument against this defense goes as follows: First, workers' compensation is an employee's exclusive remedy against an employer for injuries arising in the course of employment, and so an employer who provides workers' compensation is immune from liability to an injured employee. Or. Rev. Stat. § 656.018(1)(a); *Nancy Doty, Inc. v. WildCat Haven, Inc.*, 297 Or. App. 95, 97 (2019). Because Poe worked for Swift, Swift could not be liable in tort for Poe's injuries; Poe could recover only through workers' compensation. Second, "the exemption from liability given an employer under this section is also extended to the . . . employees . . . of the employer . . . ." Or. Rev. Stat. § 656.018(3). Watson, the driver and a Swift employee, would also be immune from civil liability as to Poe. Third, plaintiff argues, because Poe too is a Swift employee, the immunity from liability that Swift and Watson enjoy must also extend to Poe. Finally, because Or. Rev. Stat. § 31.600(2) provides that "there shall be no comparison of fault with any person: (a) Who is immune from liability to the claimant," plaintiff, because he is immune from liability, cannot have his fault compared with defendants', i.e., cannot be subject to a comparative negligence defense.

This argument is unsuccessful, as it misconstrues the nature of the comparative negligence affirmative defense. At its core, plaintiff's argument is that because that plaintiff is a Swift employee, he is immune from liability *to himself*, due to workers' compensation. That is, plaintiff could not seek recovery *from himself*, only from workers' compensation. Such a

conclusion is both peculiar and incongruous. "[T]he purpose of" workers' compensation is "is to promote workers' compensation coverage, not to create technicalities . . . ." *Robinson v. Omark Indus.*, 46 Or. App. 263, 611 (1980). Defendants, in their first affirmative defense, argue that plaintiff's own negligence, in part, caused plaintiff's claimed injuries and that defendants are not entirely at fault for plaintiff's injuries. While it makes sense that the workers' compensation structure would prevent plaintiff from otherwise recovering against Swift, or against his coworker Watson, it makes no sense that it would preclude defendant from arguing that a plaintiff is partially at fault for his injuries. Workers' compensation immunity is not enacted to shield an employee from his own negligence. Although plaintiff cites broad legal principles about workers' compensation exclusivity, he offers no legal authority for the premise that workers' compensation absolves an individual from his own negligence or precludes an affirmative defense of comparative negligence.[3]

That three of the bases for the alleged comparative negligence are Poe's alleged failure to instruct trainee Watson (although, notably, the fourth basis is not; it is Poe's alleged "failing to secure himself with a safety harness") does not undermine this conclusion. Plaintiff argues that a negligent supervision claim "is merely another way of saying that both Watson and Swift were negligent, and this effort to convince the jury to find Poe at fault for the liabilities of his immune employer and co-employee should not be allowed." Pl. MPSJ, at 5 (Docket No. 43). This argument is not well taken. Defendants' argument is that plaintiff, in part, caused his own injuries, by failing to train Watson properly. This is not a disguised claim against Watson or Swift, but rather a claim about Poe's actions (or inactions), that is, a duty plaintiff would have

---

[3] For instance, in the recent Oregon Supreme Court case of *Vasquez v. Double Press Manufacturing, Inc.*, 364 Or. 609, 614 (2019), comparative negligence served to reduce plaintiff's damages by 40% despite the presence of workers' compensation in that matter.

owed to others, including those on the road, to prevent injuries that his trainee could have caused. Any negligence by Watson for how he drove, or any negligence by Swift as the employer of Watson or plaintiff, is distinct from the argument that plaintiff himself, through his own actions, partially caused his injuries.[4]

Although Or. Rev. Stat. § 31.600(2) provides that "there shall be no comparison of fault with any person: (a) Who is immune from liability to the claimant," it does not make sense to read the statute as saying a plaintiff cannot be charged with comparative negligence. More importantly, the statute also reads, "The trier of fact *shall compare the fault of the claimant* with the fault of any party against whom recovery is sought . . . ." *Id.* (emphasis added). Thus, Oregon law is mandatory that the fault of plaintiff as "the claimant" *must be* compared with those of defendants, i.e., those "against whom recovery is sought".[5]

*Lyons v. Walsh & Sons Trucking Co.*, 183 Or. App. 76, 78 (2002), supports this conclusion. Plaintiff Lyons was a passenger in an Oregon State Police ("OSP") Jeep driven by Sergeant Rector. Defendant Walsh owned a tractor-trailer that struck the Jeep and killed both Lyons and Rector. Lyons sued Walsh. Walsh sought to introduce evidence of Rector's potential

---

[4] Plaintiff argues that because he was acting as Swift's agent, he enjoys the same immunities as Swift, his principal. However, this self-reflexive argument fails for the same reasons as the workers' compensation immunities argument. It would be highly anomalous if Swift's immunity from liability shielded plaintiff from his own negligence. *See also Vaughn v. First Transit, Inc.*, 346 Or. 128, 140 (2009) (discussing when a principal may be liable for actions of agent employee despite principal's immunity); *Johnson v. Gibson*, 358 Or. 624, 633 (2016) (same).

[5] In fact, in the context of plaintiff's Motion to Bifurcate, plaintiff's counsel stated at oral argument:
> I believe that the jury would be presented with virtually all of the evidence regarding the facts of the accident. They would probably be presented subject to motions in limine, but all of the evidence regarding the potential causes of the accident, including from the defendants' side, I think they *would be entitled to present evidence about Mr. Watson's conduct*, for example.

May 22, 2019, Tr. 5:12-18 (Docket No. 61) (emphasis added). This comment recognizes the possible introduction of evidence of Watson's own actions in contributing to his injuries, and suggests the viability of comparative negligence and fault of others as affirmative defenses.

fault or negligence in contributing to the accident. *Id.* at 79. Lyons argued that because workers' compensation made Rector and OSP immune from suit, Walsh could not introduce evidence of their potential fault. The Court of Appeals rejected this argument, holding that Or. Rev. Stat. § 31.600 (then § 18.470) restricted only the jury's apportionment of fault, but did not address the jury's determination of causation. 183 Or. App. at 83. Thus, Walsh could introduce evidence of Rector's conduct despite his immunity from liability. Although *Lyons* addressed jury instructions and the introduction of evidence, and not affirmative defenses, it is nonetheless instructive because of the parallel facts: a plaintiff passenger seeking to prevent a defendant from consideration of the passenger's driver's conduct, where that driver was immune from liability.

Thus, workers' compensation, and the immunity it affords Swift and Watson, do not bar an affirmative defense alleging Poe's own comparative negligence.

## II.     Third Affirmative Defense: "Fault of Others"

Defendants' third affirmative defense, "fault of others," alleges that plaintiff's injuries "were caused by the fault of others, including Watson."

Plaintiff argues that Watson is immune from liability under the workers' compensation principles discussed above, and thus there cannot be an affirmative defense that considers Watson's fault or negligence. If this affirmative defense were merely a way to assign Watson liability for plaintiff's injuries or potentially recover damages from Watson, plaintiff might be correct. However, this affirmative defense in fact operates differently, not by invoking comparative negligence as to Watson, and not merely by denying defendants' liability or alleged negligence, but by introducing new facts, a new theory, and "new matter" that undermine the allegation that defendants' negligence caused plaintiff's injuries. That is, it asserts that defendants did not cause Poe's injuries, because Watson in fact caused them, wholly or partially.

In a diversity action such as this, "the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs." *Healy Tibbitts Const. Co. v. Ins. Co. of N. Am.*, 679 F.2d 803, 804 (9th Cir. 1982). Fed. R. Civ. P. 8(c)(1) states that a party "must affirmatively state any avoidance or affirmative defense[.]" In a diversity case, "state law defines the nature of the defenses . . . ." *Healy Tibbitts*, 679 F.2d at 804. "Under Oregon pleading rules, evidence which controverts facts necessary to be proved by plaintiff may be shown under a general denial." *Deering v. Alexander*, 281 Or. 607, 613 (1978). "[W]here the defendant desires to present evidence which does not directly controvert a fact necessary to be established by plaintiff, it is *new matter* which must be pleaded as an affirmative defense." *Id.* (italics added).

Watson's alleged negligence is a "new matter" that defendants must plead as an affirmative defense. The claim of Watson's negligence goes beyond defendants merely claiming that they were not negligent, or that their actions did not cause plaintiff any injury. It introduces a new theory of liability that Watson engaged in negligent conduct. That workers' compensation immunity would prevent plaintiff from assigning liability to Watson does not mean that defendants may not introduce evidence of Watson's alleged negligence in order to defeat a claim of causation or negligence on their part. This affirmative defense does not seek to allow recovery against Watson, but merely to provide an alternative explanation for the events at issue.

*Lasley v. Combined Transport, Inc.*, 351 Or. 1 (2011), supports this conclusion. The plaintiff brought a wrongful death action against two defendants: an intoxicated driver, and a trucking company. *Id.* at 4. Plaintiff alleged that the driver defendant was negligent, but did not allege anything about the driver's intoxication. *Id.* at 25. The trucking company defendant sought to raise the driver's intoxication as a defense to negligence and to apportion fault. *Id.* at

26. The Oregon Supreme Court held that the proper means for the trucking company to raise the negligence of a co-defendant was through an affirmative defense, because it was not simply a denial of its own liability, but introduction of a "new matter," namely, the wrongful conduct of a co-defendant and its role in causing the alleged injury. *Id.* at 22. A defendant who

> seeks to avoid paying the full damages that a plaintiff has alleged on the basis that a codefendant is more at fault in a way that was not alleged by the plaintiff, must plead the specification of negligence on which the defendant relies as an affirmative defense in its answer to the plaintiff's complaint and not in a separate cross-claim against the codefendant.

*Id.* at 22-23. Further,

> This court has defined "new matter" as consisting of "a statement of facts different from those averred by the plaintiff and not embraced within the judicial inquiry into their truth." When a defendant seeks to avoid liability for the damages that a plaintiff claims by asserting that a codefendant engaged in more blameworthy negligent conduct not pleaded by the plaintiff, the defendant relies for that defensive posture on facts different from those averred by the plaintiff.

*Id.* at 17 (citation omitted). Although *Lasley* considered evidence of a co-defendant's fault, not that of a non-party as in this case, it nonetheless supports the conclusion that introduction of another's negligence or fault in causing the alleged injury, as a theory that falls outside plaintiff's allegations, is to be raised by an affirmative defense.[6]

---

[6] Contrary to plaintiff's argument, *International Longshore & Warehouse Union v. ICTSI Oregon, Inc.*, No. 3:12-cv-1058-SI, 2019 WL 267714 (D. Or. Jan. 17, 2019), does not hold otherwise. The court there distinguished "negative defenses" from "affirmative defenses." "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Id.* at *15 (citation omitted). "An affirmative defense raises matters extraneous to the plaintiff's *prima facie* case . . . . On the other hand, some defenses negate an element of the plaintiff's *prima facie* case; these defenses are excluded from the definition of affirmative defense in Fed. R. Civ. P. 8(c)." *Id.* (citation omitted). Here, defendants are not simply arguing that plaintiff cannot meet his burden of proof, but that even if plaintiff were to succeed in showing defendants' causation for negligently causing the accident, the fault of others, including Watson, should be considered in determining liability.

Thus, defendants are entitled to raise the fault of others, including Watson, as an affirmative defense.[7]

**CONCLUSION**

For these reasons, the Court DENIES plaintiff's Motion for Partial Summary Judgment re: Defendant's Affirmative Defenses. (Docket No. 43).

IT IS SO ORDERED.

DATED this 14th day of August, 2019.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge

---

[7] For the same reasons, defendants do not misuse the affirmative defense to attribute negligence to unnamed "others." Although the jury may assign fault only to defendants and third-party defendants, Or. Rev. Stat. § 31.600(2), and may not assign fault to non-parties such as "others," the defense here is not that comparative fault and liability should be assigned to some other non-parties, but simply that defendants seek to argue that their alleged negligence as a factual matter must be considered alongside the other individuals' and entities'. Defendants do not need to join the "others" as third-party defendants in order to argue that those "others" were negligent in causing plaintiff's injuries, because defendants are not trying to apportion fault and liability to these "others."